FILED

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2014 AUG -1 PM 12:56

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

KACY SOKOLSKY,

Plaintiff,

CASE NO.: 3:14-cv-914-J-32MCR

-vs-

TARGET CORPORATION,

Defendant
_____/

# COMPLAINT

Plaintiff, KACY SOKOLSKY, by and through his undersigned counsel, sues the Defendant, TARGET CORPORATION, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Protections Practices Act, F.S. §559 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332 and by Florida Statutes.

4. Venue is proper in this District because the Defendant's principal place of business is in this District (Duval County) and the Defendant transacts business in Duval County, Florida.

## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Duval County, Florida.

6.  Defendant is a corporation and a citizen of the State of Minnesota with its principal place of business at 1000 Nicollet Mall, TPS-2672, Minneapolis, Minnesota.

7.  Defendant is a "creditor" and/or "debt collector" as defined by F.S. §§559.55. Defendant sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

8.  The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

9.  Defendant, at all times material, was attempting to collect on an account and/or was making calls on an individual Target Credit card account of "Haylea Olmo," of which Plaintiff has no financial responsibility. Plaintiff is not a co-signor or authorized user on said account (hereinafter the "subject account").

10. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number two (2) to three (3) times a day from November, 2012 through October, 2013, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

11. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, a predictive dialer, or a system using an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls").

12. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

13. In approximately November, 2012, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (904) 502-7022, regarding the subject account.

14. Some or all of Defendant's autodialer calls to Plaintiff's cellular telephone number used an artificial and/or prerecorded voice, when leaving messages for "Haylea Olmo."

15. Plaintiff is the regular user and carrier of the cellular telephone number, (904) 502-7022, and was the called party and recipient of Defendant's autodialer calls.

16. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 800-635-4713.

17. After receiving several of these autodialer calls in February or March of 2013 from Defendant, Plaintiff spoke with representatives of Defendant and informed the Defendant's representatives that he personally did not owe them any money and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list. Defendant's representative assured Plaintiff that his number would be removed from its system.

18. Despite informing Defendant that he was not the person Defendant was attempting to contact, to stop calling, and that he did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

19. The autodialer calls from Defendant continued approximately, on average, two (2) to three (3) times a day from November, 2012, until approximately October, 2013. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

20. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of some, but not all, of Defendant's autodialer call frequency for the period of April, 2013 through October, 2013, showing approximately seventy-seven (77) autodialer calls to Plaintiff's cellular telephone over that period of time alone.

21. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

22. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond February or March, 2012, when Plaintiff first advised Defendant that they were calling the wrong number, that he did not owe any debts, and to stop calling Plaintiff.

23. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

24. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

25. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

26. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

27. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

28. Due to Defendant's constant autodialer calls and demands for payment and/or demands for information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

30. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A), as they were debt collection calls.

31. Defendant violated the TCPA with respect to Plaintiff for each autodialer call made to Plaintiff's cellular telephone number during the period of time beginning approximately February or March, 2012 until the very last autodialer call made by Defendant to Plaintiff's cellular telephone number.

32. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff first notified Defendant that Defendant was calling the wrong number, that he did not owe the subject debt, that he was not the person they were calling for, and/or to stop calling Plaintiff.

33. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violations of the FCCPA)

34. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-eight (28) above as if fully stated herein.

35. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

36. Defendant has violated Florida Statute §559.72(7) by willfully communicating with Plaintiff with such frequency as can reasonably be expected to harass the Plaintiff, as an alleged debtor.

37. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, as an alleged debtor.

38. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when it knows that the debt is not legitimate as to Plaintiff.

39. Defendant has violated Florida Statute §559.72(9) by asserting the existence of some other legal right, including the purported right to continue calling Plaintiff on a debt that is not his, when Defendant knew that such a right did not exist.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and

judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

                                  Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@ForThePeople.com
afloyd@forthepeople.com
Florida Bar #: 0135534
Attorney for Plaintiff

## Sokolsky, Kacy (2169138) Call Log

| # | Date | Time | Phone Number | Description |
|---|---|---|---|---|
| 1 | 4/29/2013 | | (800)635-4713 | |
| 2 | 4/29/2013 | | (800)635-4713 | |
| 3 | 4/30/2013 | | (800)635-4713 | |
| 4 | 5/1/2013 | 10:52am | (800)635-4713 | |
| 5 | 5/13/2013 | | (800)635-4713 | |
| 6 | 5/14/2013 | | (800)635-4713 | |
| 7 | 5/15/2013 | | (800)635-4713 | |
| 8 | 5/16/2013 | | (800)635-4713 | |
| 9 | 5/17/2013 | | (800)635-4713 | |
| 10 | 5/18/2013 | | (800)635-4713 | |
| 11 | 6/9/2013 | | (800)635-4713 | |
| 12 | 6/10/2013 | 10:56AM | (800)635-4713 | |
| 13 | 6/13/2013 | | (800)635-4713 | |
| 14 | 6/15/2013 | | (800)635-4713 | |
| 15 | 6/17/2013 | 12:53pm | (800)635-4713 | |
| 16 | 6/18/2013 | | (800)635-4713 | |
| 17 | 6/18/2013 | | (800)635-4713 | |
| 18 | 6/19/2013 | 10:22am | (800)635-4713 | |
| 19 | 6/19/2013 | | (800)635-4713 | |
| 20 | 6/19/2013 | | (800)635-4713 | |
| 21 | 6/20/2013 | 10:39am | (800)635-4713 | |
| 22 | 6/22/2013 | | (800)635-4713 | |
| 23 | 6/27/2013 | 10:40am | (800)635-4713 | |
| 24 | 7/3/2013 | | (800)635-4713 | |
| 25 | 7/4/2013 | 11:07am | (800)635-4713 | |
| 26 | 7/1/2013 | | (800)635-4713 | |
| 27 | 7/1/2013 | | (800)635-4713 | |
| 28 | 7/2/2013 | 1:53pm | (800)635-4713 | |
| 29 | 7/2/2013 | 7:54pm | (800)635-4713 | |
| 30 | 7/5/2013 | | (800)635-4713 | |
| 31 | 7/6/2013 | | (800)635-4713 | |
| 32 | 7/8/2013 | | (800)635-4713 | |
| 33 | 7/9/2013 | 3:49pm | (800)635-4713 | |
| 34 | 7/10/2013 | 10:56pm | (800)635-4713 | |
| 35 | 7/10/2013 | 6:28pm | (800)635-4713 | |
| 36 | 7/11/2013 | | (800)635-4713 | |
| 37 | 7/11/2013 | | (800)635-4713 | |
| 38 | 7/12/2013 | 3:08pm | (800)635-4713 | |
| 39 | 7/17/2013 | 11:23am | (800)635-4713 | |
| 40 | 7/17/2013 | 5:24pm | (800)635-4713 | |
| 41 | 7/22/2013 | | (800)635-4713 | |
| 42 | 7/23/2013 | 7:39pm | (800)635-4713 | |
| 43 | 7/23/2013 | | (800)635-4713 | |
| 44 | 7/24/2013 | | (800)635-4713 | |

EXHIBIT A

| | | | | |
|---|---|---|---|---|
| 45 | 7/24/2013 | 9:44am | (800)635-4713 | |
| 46 | 7/24/2013 | 4:08pm | (800)635-4713 | |
| 47 | 7/24/2013 | | (800)635-4713 | |
| 48 | 7/25/2013 | | (800)635-4713 | |
| 49 | 7/25/2013 | 5:55pm | (800)635-4713 | |
| 50 | 7/26/2013 | 12:09pm | (800)635-4713 | |
| 51 | 7/27/2013 | 10:54am | (800)635-4713 | |
| 52 | 7/29/2013 | | (800)635-4713 | |
| 53 | 7/29/2013 | 7:34pm | (800)635-4713 | |
| 54 | 7/30/2013 | 2:15pm | (800)635-4713 | |
| 55 | 7/31/2013 | | (800)635-4713 | |
| 56 | 8/1/2013 | 2:09pm | (800)635-4713 | |
| 57 | 8/1/2013 | 8:10pm | (800)635-4713 | |
| 58 | 8/2/2013 | 10:41am | (800)635-4713 | |
| 59 | 8/2/2013 | 4:42pm | (800)635-4713 | |
| 60 | 8/5/2013 | 12:10pm | (800)635-4713 | |
| 61 | 8/5/2013 | 7:17pm | (800)635-4713 | |
| 62 | 8/6/2013 | 2:06pm | (800)635-4713 | |
| 63 | 8/6/2013 | 8:08pm | (800)635-4713 | |
| 64 | 8/8/2013 | | (800)635-4713 | |
| 65 | 8/9/2013 | 11:47am | (800)635-4713 | |
| 66 | 9/7/2013 | 11:15am | (800)635-4713 | |
| 67 | 9/17/2013 | 9:43am | (800)635-4713 | |
| 68 | 9/17/2013 | 3:44pm | (800)635-4713 | |
| 69 | 9/18/2013 | 11:35am | (800)635-4713 | |
| 70 | 9/18/2013 | 5:35pm | (800)635-4713 | |
| 71 | 9/19/2013 | 3:57pm | (800)635-4713 | |
| 72 | 9/20/2013 | 11:57am | (800)635-4713 | |
| 73 | 9/20/2013 | 8:04pm | (800)635-4713 | |
| 74 | 9/25/2013 | 9:49am | UNKNOWN | |
| 75 | 9/25/2013 | 6:20pm | UNKNOWN | |
| 76 | 9/30/2013 | 11:00am | (800)635-4713 | |
| 77 | 10/1/2013 | | (800)635-4713 | |